DAVIS (DESSOR v.). See Case No. 3,826.

DAVIS v. The ELEANORA. See Case No. 4,-335.

DAVIS (ELLIS v.). See Case No. 4,402.

---

## Case No. 3,632.

### DAVIS v. The ENTERPRISE.

[3 Betts, D. C. MS. 30.]

District Court, S. D. New York. Oct. 13, 1842.

ADMIRALTY JURISDICTION — WHAT ARE MARITIME CONTRACTS—CANAL NAVIGATION.

[1. A contract for the navigation of a boat on the Erie canal from Albany to Rochester, and back to Albany and New York, is not a seaman's contract, of which admiralty has jurisdiction.]

[Distinguished in The D. C. Salisbury, Case No. 3,694.]

[2. The fact that the vessel floated from Troy to Albany on tide water did not vary the effect of the services, so as to give the court jurisdiction; nor would the fact that the boat continued to New York affect the situation, as such service was only incidental to the contract for the main service.]

[Libel by Joseph Davis against the lake boat Enterprise for seaman's wages.]

PER CURIAM. This was a contract for navigating the boat on the canal from Albany to Rochester, and back to Albany and New York, with her lading, with the privilege to libellant to leave the boat at any time, at his own option, when he could obtain better wages. This is not a seaman's contract, being within the jurisdiction of this court. Its object was not a hiring to navigate on tide waters. A part of the service

might be contingently rendered there, but it was no part of the stipulation to which the libellant was bound.

The contract commenced on the canal at Albany, and that is not to be regarded as tide water, falling within the jurisdiction of admiralty; and the main and expected service as to duration of time and distance was to be performed on the canal. The circumstance that a boat leaves the canal at Troy and floats on tide water to Albany would not place the contract of her crew within the jurisdiction of this court; nor is there any sound principle which varies the effect of these services, if continued on to New York instead of terminating at Albany. The contract was not substantially one for navigating the vessel on tide waters. That service was incidental and partial, and not the gist of the hiring, and accordingly falls within the principles declared by the supreme court in the cases of The Thomas Jefferson, 10 Wheat. [23 U. S.] 428, and The Orleans, 11 Pet. [36 U. S.] 175. The doctrine has before been applied in this court to this description of crafts. The libel is dismissed.